Opinion for the court filed by Circuit Judge PROST. Circuit Judge GAJARSA concurs-in-part, dissents-in-part.
PROST, Circuit Judge.
Paralyzed Veterans of America (“PVA”), Disabled American Veterans (“DAV”), National Organization of Veterans’ Advocates, Inc. (“NOVA”), and National Organization of Black Veterans, John J. Castillo, and Joseph Holmes (“NABVETS”) (collectively “Petitioners”) challenge the validity of various regulations promulgated by the Department of Veterans Affairs (“VA” or “Secretary”) to implement the Veterans Claims Assistance Act of 2000, Pub.L. No. 106-475, 114 Stat. 2096 (‘VCAA”), dealing with the assistance VA must provide to an individual claiming veterans benefits (“claimant”). Specifically, Petitioners argue that certain regulations codified at 38 C.F.R. §§ 3.156 and 3.159 are on their face arbitrary, capricious, and contrary to various statutory provisions, including 5 U.S.C. §§ 5103(b) and 5103A.[1] We hold that the regulation codified at 38 C.F.R. § 3.159(b)(1) is invalid because it imposes on claimants an arbitrary new deadline that does not represent a reasonable exercise of VA’s authority. However, we hold that the other regulations challenged by Petitioners are valid because they were issued in compliance with applicable rule-making procedures and are not arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.
BACKGROUND
I.
Subchapter 1 of chapter 51 of title 38, United States Code, generally governs claims for VA benefits. Former § 5103(a) of title 38, United States Code, required VA, if a claimant’s application for benefits was incomplete, to notify that claimant of the evidence necessary to complete the application. 38 U.S.C. § 5103(a) (1994). It further provided that no benefits could be provided pursuant to that application if the evidence requested was not received within one year from the date of such notification. Id. Former § 5107(a) of title 38, United States Code, imposed on a claimant the burden of submitting evidence sufficient to justify a belief by a fair and impartial individual that his or her claim was well grounded. Id. § 5107(a). It further required VA to assist “such a claimant” in developing the facts pertinent to the claim. Id. In 1999, the Court of Appeals for Veterans Claims (“CAVC”) held that § 5107(a) precluded VA from assisting a claimant in any way unless that claimant had first established that his or her claim was well-grounded.[2] Morton v. West, 12 Vet.App. 477, 485 (1999), withdrawn and appeal dismissed, Morton v. Gober, 14 Vet.App. 174 (2000).
On November 9, 2000, Congress enacted the VCAA, Pub.L. No. 106-475, 114 Stat. 2096 (codified in scattered sections of 38 U.S.C.), which “amend[ed] title 38, United *1339 States Code, to reaffirm and clarify the duty for the Secretary of Veterans Affairs to assist claimants for benefits under laws administered by the Secretary, and for other purposes.” Among other things, the VCAA removed the requirement of former § 5107(a) that a claimant first establish a well-grounded claim before VA was to begin providing assistance. Further, it amended existing §§ 5102 and 5103 and added new §§ 5100 and 5103A, expanding VA’s duty to assist claimants in several respects. Specifically, new § 5103A(a) imposes on VA a duty to assist a claimant by making reasonable efforts to assist him or her in obtaining evidence necessary to substantiate a claim for benefits. 38 U.S.C. § 5103A(a). Further provisions outline the details of providing such assistance in obtaining information, evidence, and records from government and private sources; informing the claimant if VA is unable to obtain pertinent evidence; and providing a medical examination or medical opinion when necessary to resolve the claim.
II.
The Secretary of the Department of Veterans Affairs is authorized under 38 U.S.C. § 501(a) to prescribe rules and regulations that are necessary or appropriate to carry out the laws administered by VA. Further, § 5103A(e) of the VCAA provides that “[t]he Secretary shall prescribe regulations to carry out this section.” 38 U.S.C. § 5103A(e).
On April 4, 2001, VA published a notice of proposed rulemaking in the Federal Register inviting comments from the public concerning the rules it proposed for implementing the VCAA. Duty to Assist, 66 Fed.Reg. 17,834 (proposed Apr. 4, 2001). After receiving comments, VA published notice of the existence of the final regulations in the Federal Register on August 29, 2001. Duty to Assist, 66 Fed.Reg. 45,620 (Aug. 29, 2001) (to be codified at 38 C.F.R. pt. 3). VA made the regulations effective, retroactively, to November 9, 2000, except for an amendment to 38 C.F.R. § 3.156(a), which became effective on August 29, 2001.
III.
Petitioners timely filed their petitions for review pursuant to 38 U.S.C. § 502. We have jurisdiction to directly review the validity of both the rulemaking process and the challenged VA regulations pursuant to 38 U.S.C. § 502, which states that “[a]n action of the Secretary to which section 552(a)(1) or 553 of title 5 (or both) refers ... is subject to judicial review.” See also Griffin v. Sec’y of Veterans Affairs, 288 F.3d 1309, 1317 (Fed.Cir.2002) (citation omitted); E. Paralyzed Veterans Ass’n, Inc. v. Sec’y of Veterans Affairs, 257 F.3d 1352, 1355-56 (Fed.Cir.2001). “Such review shall be in accordance with chapter 7 of title 5 and may be sought only in the United States Court of Appeals for the Federal Circuit.” 38 U.S.C. § 502. Thus, under 38 U.S.C. § 502, we may review VA’s procedural and substantive regulations, and the process by which those regulations are made or amended. See Disabled Am. Veterans v. Gober, 234 F.3d 682 (Fed.Cir.2000).
DISCUSSION
I. Standard of Review
We review petitions under 38 U.S.C. § 502 in accordance with the standard set forth in the Administrative Procedure Act (“APA”), 5 U.S.C. §§ 701-706. See Nyeholt v. Sec’y of Veterans Affairs, 298 F.3d 1350, 1355 (Fed.Cir.2002) (citing Disabled Am. Veterans, 234 F.3d at 691). As such, we must “hold unlawful and set aside agency action” that we find to be arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. 5 U.S.C. § 706(2); see also Mortgage Investors Corp. v. Gober, 220 F.3d 1375, 1378 *1340 (Fed.Cir.2000). “This review is ‘highly deferential’ to the actions of the agency.” Nat’l Org. of Veterans’ Advocates, Inc. v. Sec’y of Veterans Affairs, 260 F.3d 1365, 1372 (Fed.Cir.2001) (citing Disabled Am. Veterans, 234 F.3d at 691).
Our review of an agency’s interpretation of a statute that the agency is charged with administering is further governed by the standards articulated by the Supreme Court in Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). See also Disabled Am. Veterans, 234 F.3d at 691. Under Chevron, we must first determine “whether Congress has directly spoken to the precise question at issue.” 467 U.S. at 842, 104 S.Ct. 2778. If we conclude that it did, “that is the end of the matter,” and the only question remaining is whether the regulation at issue is in accordance with congressional intent. Id.; see also Delverde, SrL v. United States, 202 F.3d 1360, 1363 (Fed.Cir.2000). If, however, “the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency’s answer is based on a permissible construction of the statute.” Chevron, 467 U.S. at 843, 104 S.Ct. 2778. As the Supreme Court stated in Chevron, “ ‘[t]he power of an administrative agency to administer a congressionally created ... program necessarily requires the formulation of policy and the making of rules to fill any gap left, implicitly or explicitly, by Congress.’ ” Id. (quoting Morton v. Ruiz, 415 U.S. 199, 231, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974)). Consistent with this principle, the court may not simply substitute its own construction of a statutory provision for a reasonable interpretation made by an agency. Id. at 844, 104 S.Ct. 2778. Finally, if the court finds an ambiguity in the relevant veterans’ benefit statute, “ ‘interpretative doubt is to be resolved in the veteran’s favor.’ ” Disabled Am. Veterans, 234 at 692 (quoting Brown v. Gardner, 513 U.S. 115, 118, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994)). Because this principle applies only to ambiguous statutes, however, it cannot be invoked to “ ‘override the clear meaning of a particular provision.’ ” Boyer v. West, 210 F.3d 1351, 1355 (Fed.Cir.2000) (quoting Smith v. Brown, 35 F.3d 1516, 1526 (Fed.Cir.1994)). Moreover, where the application of customary canons of statutory construction points in opposite directions, we resort to the Chevron principle. Nat’l Org. of Veterans’ Advocates, 260 F.3d at 1377.
II. Validity of the Challenged Regulations
Petitioners seek review under 38 U.S.C. § 502 of certain regulatory provisions codified at 38 C.F.R. §§ 3.156(a) and 3.159 issued by VA to implement the VCAA. Petitioners’ challenges are based on a variety of grounds. These challenges include arguments that certain provisions are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Moreover, Petitioners contend that particular provisions lack a statutory basis; are inconsistent with express statutory language, statutory intent, or other regulations; and generally undermine the VCAA’s purpose of expanding VA’s duty to assist claimants in developing their claims. Their challenges relate both to the particular regulations as drafted and to the failure of the regulations to include particular provisions.
The government responds that the regulations are consistent in all respects with the VCAA and other relevant VA statutes. Specifically, the government maintains that the regulations reasonably fill a gap where the VCAA is silent regarding a particular issue, are the product of a reasonable exercise of VA’s discretionary au *1341 thority, and are a reasonable implementation of congressional intent.
A. 38 C.F.R. § 3.159(c)(4)(iii) Provision of Medical Examinations and Medical Opinions to Veterans Seeking to Reopen Finally Adjudicated Claims
Section 3.159(c)(4) of title 38 of the Code of Federal Regulations addresses VA’s duty to assist a claimant who claims entitlement to disability compensation, by providing a medical examination or medical opinion to substantiate that claim. Section 3.159(c)(4)(i) states:
(4) Providing medical examinations or obtaining medical opinions, (i) In a claim for disability compensation, VA will provide a medical examination or obtain a medical opinion based upon a review of the evidence of record if VA determines it is necessary to decide the claim.
38 C.F.R. § 3.159(c)(4)®. Section 3.159(c)(4) implements 38 U.S.C. § 5103A(d), which also requires VA to furnish claimants with medical examinations and opinions “when such an examination or opinion is necessary to make a decision on the claim.” 38 U.S.C. § 5103A(d)(l). The challenged regulatory provision, § 3.159 (c) (4) (iii), limits the extent to which this duty to assist applies to claimants who seek to reopen claims that have already been finally adjudicated. 38 C.F.R. § 3.159(c)(4)(iii). Under this provision, “[plaragraph (c)(4) applies to a claim to reopen a finally adjudicated claim only if new and material evidence is presented or secured.” Id. In other words, although VA will assist a claimant with his or her initial claim for benefits by providing a medical exam or opinion if “necessary to decide the claim,” the challenged regulation does not require VA to provide such exams or opinions to a claimant who attempts to reopen a finally adjudicated claim until or unless “new and material evidence is presented or secured.” Id. § 3.159(c)(4)®, (iii).
Petitioners generally argue that the distinction § 3.159(c)(4)(iii) draws between VA’s duty to assist claimants who seek to reopen claims and those who present initial claims is arbitrary, capricious, an abuse of discretion, and contrary to the clear language of the VCAA According to Petitioners, the VCAA requires VA to assist a claimant in developing the new and material evidence required to open his or her claim, and this duty includes providing a medical examination or opinion if necessary. Petitioners ground their argument in the language of 38 U.S.C. §§ 5103A(d)(l) and 5100, emphasizing that § 5103A(d)(l) requires the Secretary to provide medical examinations and opinions “when ... necessary to make a decision on [a] claim,” and that § 5100 defines a “claimant” broadly as “any individual applying for, or submitting a claim for, any benefit under the laws administered by the Secretary.” 38 U.S.C. §§ 5103A(d)(l), 5100. Petitioners contend that when read in conjunction, these two statutory provisions reveal that Congress intended VA’s duty to assist to apply broadly to all claimants, including those seeking to reopen previously adjudicated claims, and that VA’s attempt to limit this duty in 38 C.F.R. § 3.159(c)(4)(iii) is consequently invalid. NABVETS also directs our attention to this court’s decision in Winters v. Gober, 219 F.3d 1375 (Fed.Cir.2000), and the CAVC’s decision in Ivey v. Derwinski, 2 Vet.App. 320 (1992), arguing that these cases hold that VA must assist a claimant to reopen his or her claim. Finally, both NABVETS and DAV argue that § 3.159(c)(4)(iii) arbitrarily and unfairly penalizes those claimants who attempt to reopen claims that were formerly denied as not well grounded.
*1342 The government argues in response that the VCAA clearly distinguishes between a claimant filing an initial claim for benefits and a claimant attempting to reopen a previously adjudicated claim, and that in the absence of new and material evidence, nothing in the VCAA or its legislative history requires VA to provide a medical examination or opinion to the latter. In support, the government relies on 38 U.S.C. §§ 5103A(f) and 5108, which provide, respectively:
§ 5103A. Duty to Assist Claimants
(f) Rule with Respect to Disallowed Claims. — Nothing in this section shall be construed to require the Secretary to reopen a claim that has been disallowed except when new and material evidence is presented or secured, as described in section 5108 of this title.
§ 5108. Reopening Disallowed Claims. If new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim.
According to the government, Congress’s juxtaposition of these two statutory provisions demonstrates that while a claimant is entitled to VA assistance, including the provision of medical exams and opinions, upon the submission of an initial claim, he or she must meet the threshold requirement of submitting new and material evidence in order to activate VA’s duty to assist in a previously decided claim. VA further notes that an interpretation of the VCAA that eliminated this distinction between claimants would effectively eviscerate § 5108’s statutory directive that new and material evidence be submitted before VA is required to reopen a disallowed claim. As for Petitioners’ arguments concerning § 3.159(c)(4)(iii)’s effect upon claimants who attempt to reopen claims previously denied as not well grounded, VA points to § 7(b) of the VCAA, which requires the Secretary to, upon request, order such claims readjudicated “as if the denial or dismissal had not been made.” Pub.L. No. 106-475, § 7(b), 114 Stat. at 2099-2100.[3]
We conclude that 38 C.F.R. § 3.159(c)(4)(iii) is consistent with the provisions of the VCAA, and we consequently reject Petitioners’ challenges to that regulation. It is true, as Petitioners urge, that an individual attempting to reopen his or her claim is a “claimant” under § 5100. However, the plain language of the VCAA reveals that Congress intended to distinguish between VA’s duty to assist a claimant filing an initial claim for benefits and a claimant attempting to reopen a previously adjudicated claim. Specifically, Congress directly addressed the precise question at issue here, namely whether VA has a duty to assist a claimant seeking to reopen a previously disallowed claim by providing a medical examination or opinion, in 38 U.S.C. § 5103A(d)(l). This provision requires the Secretary to provide a medical examination or opinion “when such an examination or opinion is necessary to make a decision on the claim.” 38 U.S.C. § 5103A(d)(l). Under § 5103A(d)(2), such necessity occurs “if the evidence of record before the Secretary ... (C) does not contain sufficient medical evidence for the Secretary to make a decision on the claim.” Id. § 5103A(d)(2). In the case of a previously disallowed claim, however, the record evidence by definition “eontain[s] sufficient medical evidence for the Secretary to make a decision on the claim.” Id. Thus, in the absence of new and material evidence, VA is not required to provide assistance to a claimant attempting to reopen a previously disallowed claim, including providing a medical examination or *1343 obtaining a medical opinion. The legislative history supports this conclusion. Referring to § 5103A(a), the House Veterans’ Affairs Committee Report states:
[This language] recognizes that ... claims which have been previously decided on the same evidence can be decided without providing any assistance or obtaining any additional evidence, and authorizes the Secretary to decide those claims without providing any assistance under this subsection.
H.R.Rep. No. 106-781, at 10 (2000), reprinted in 2000 U.S.C.C.A.N. 2006, 2012. As such, the terms of the statute direct that VA is not required to provide a medical examination or opinion on the basis of the record as it stood when the claim was initially adjudicated. In other words, without the introduction of new and material evidence, VA is not required to provide a medical examination or opinion. Section 3.159(c)(4)(iii) gives effect to this clear congressional intent and is therefore valid. See Chevron, 467 U.S. at 842-43, 104 S.Ct. 2778.
Moreover, 38 C.F.R. § 3.159(c)(4)(iii) constitutes a reasonable implementation of 38 U.S.C. § 5103A(f)’s unambiguous directive that VA is not required to reopen a previously denied claim “except when new and material evidence is presented and secured, as described in § 5108 of this title.” Section 5108 of title 38 requires the reopening of a claim only if new and material evidence is presented or secured. As the government asserts, construing the statute so as to require VA to assist a claimant attempting to reopen a prior final disposition of his or her claim in the same manner as VA is required to assist the claimant in making his or her initial claim would necessarily ignore or vitiate the statutory directive in §§ 5103A(f) and 5108 limiting VA’s duty to assist. In the absence of such a limitation on the VA’s duty to assist, a claimant could demand a potentially endless series of medical exams and opinions, invoking the full panoply of VA assistance each time he or she asserted the mere existence of new and material evidence. Given 38 U.S.C. §§ 5103A(f) and 5108’s clear rejection of such a scenario, we cannot agree with Petitioners’ arguments that the VCAA requires VA to provide medical examinations and opinions to claimants seeking to reopen previously adjudicated claims before new and material evidence is provided.
As for NABVETS’ reliance on Winters and Ivey, we note that these cases were decided in July of 2000 and 1992, respectively, when the well-grounded claim regulation was still in effect. As such, even if NABVETS is correct in its assertion that these cases stand for the proposition that VA was under a duty to assist the claimant in reopening his or her claim, this duty applied only after the claimant had submitted evidence sufficient to establish “(1) a medical diagnosis of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service occurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between an in-service disease or injury and the current disability.” Epps v. Gober, 126 F.3d 1464, 1468 (Fed.Cir.1997). This standard, abolished by the VCAA, conditioned VA’s duty to assist on a much greater evidentiary showing by the claimant than the “new and material” evidence currently required under 38 C.F.R. § 3.159(c)(4)(iii). Winters and Ivey are, therefore, distinguishable from the instant case, and we find NAB-VETS’ argument unconvincing.
Finally, as to § 3.159(c)(4)(iii)’s effect upon those claimants who attempt to reopen claims that were previously denied as not well grounded, Congress has already addressed this issue. As VA correctly argues, § 7 of the VCAA provides “Rules for Claims the Denial of Which Became Final After the Court of Appeals for Veterans *1344 Claims Decision in the Morton Case.” This section requires the Secretary to, upon request, readjudicate claims denied between July 14, 1999, and November 9, 2000, as not well grounded “as if the denial or dismissal had not been made.” Pub.L. No. 106-475, § 7, 114 Stat. at 2099-2100. Thus, § 3.159(c)(4)(iii) does not have an unfair effect upon claimants attempting to reopen claims that were formerly denied as not well-grounded.
In sum, we conclude that the challenged regulation is consistent with 88 U.S.C. §§ 5103A(f) and 5108, and is neither arbitrary nor capricious.
B. 38 C.F.R. § 3.159(b) VA’s Duty to Notify Claimants of Necessary Information and Evidence
Section 5103(a) of title 38 of the United States Code covers VA’s duty to provide claimants with notice, upon receipt of a complete or substantially complete application, regarding information not previously provided to the Secretary that is necessary to substantiate the claim. Petitioners challenge the corresponding regulation, 38 C.F.R. § 3.159(b), on several grounds as detailed below.
1. Time Limitation for Submitting Evidence
Under § 5103(a), VA, upon receiving a complete or substantially complete application, must notify the claimant, or the claimant’s representative of any information, and any medical or lay evidence, not previously provided to VA that is necessary to substantiate the claim. 38 U.S.C. § 5103(a). When VA gives such notice, § 5103(b)(1) prescribes that, if such information or evidence is not received by the VA within one year from the date of the notification, no benefit may be paid or furnished by reason of the claimant’s application. Id. § 5103(b)(1).
The regulation at issue, § 3.159(b)(1), implements VA’s duty to notify claimants of necessary information and evidence pursuant to 38 U.S.C. § 5103. With respect to the time limitation, that regulation repeats the statutory language stating that “[i]f VA does not receive the necessary information and evidence requested from the claimant within one year of the date of the notice, VA cannot pay or provide any benefits based on that application.” The regulation continues, however, as follows:
If the claimant has not responded to the request within thirty days, VA may decide the claim prior to the expiration of the one-year period based on all the information and evidence contained in the file, including information and evidence it has obtained on behalf of the claimant and any VA medical examinations or medical opinions. If VA does so, however, and the claimant subsequently provides the information and evidence within one year of the date of the request, VA must readjudicate the claim.
38 C.F.R. § 3.159(b)(1).
Petitioner NABVETS first argues that this regulation unlawfully reduces a claimant’s time to respond to a request for necessary information and evidence from the statutory time limit of one year to thirty days, thereby creating an unauthorized deviation from a statutory mandate. In this regard, NABVETS asserts that the thirty-day time limit deprives claimants of their right to a fair initial determination on a reasonably compiled record. Further, permitting VA to decide a claim after thirty days absent a response from the claimant, according to NABVETS, allows VA to stop assisting the claimant after thirty days and imposes upon the claimant the burden to restart the process. NABVETS lastly asserts that this regulation irrationally requires repeat adjudications contrary *1345 to VA’s stated policy of avoiding multiple adjudications of a claim.
The government offers two responses. Relying principally on the plain language of § 5108(b)(1), the government first responds that Petitioners have failed to demonstrate that § 3.159(b)(1) is an unreasonable exercise of VA’s discretionary authority. According to the government, the plain language of the statute only prohibits VA from paying or furnishing any benefit based on a claim application if information or evidence requested is not received within one year of the notice. The government emphasizes that the statute and legislative history are silent with respect to how long VA must wait before deciding a claim and the regulation is thus consistent with the statute. Second, the government argues that the regulation benefits claimants without prejudicing them. The government notes that the regulation allows VA to grant a claim after providing the claimant thirty days to submit additional evidence, but before the expiration of the one-year period, enabling VA to issue benefits when the award can be based solely upon the information gathered by VA. When a claim is denied after the thirty-day response period, the government contends that there is no prejudice because the statutory one-year time limit is retained inasmuch as readjudication, if the information or evidence is provided after thirty days, is automatic. Further, in the government’s view, the regulation advances the administrative needs of VA and improves the overall efficiency of the claim review process, which also benefits the claimant. The government additionally asserts that the thirty-day time frame is not arbitrary because all that is required within that time frame is a letter or phone call from the claimant requesting additional time.
We reject the government’s arguments and conclude that the thirty-day time limitation contained in the challenged regulation is an unreasonable exercise of VA’s discretion. We recognize that the plain language of § 5103(b) only prohibits VA from paying any benefit based on a claim application if information or evidence requested is not received within one year of the notice. While there may be a technical argument that the challenged regulation may not directly contradict § 5103(b)(1) on its face, we conclude that this regulation is not a reasonable implementation of congressional intent expressed in the plain language of the statute. The statute is clearly intended to provide claimants with one year to submit the requested evidence.
We are not persuaded that this thirty-day regulation will only benefit claimants without prejudicing them by facilitating and promoting the earlier award of benefits in certain cases, but not the premature denial of claims. The government seeks to justify the challenged regulation by emphasizing that the authorizing statute does not require that VA defer granting a claim for a year. We obviously agree that the statute does not require a one-year wait. To do so would be nonsensical because information may well be received in less than one year. Therefore, if VA is able to substantiate a claim for benefits without the need for additional information or evidence, we can see no basis for concluding that § 5103 would somehow preclude such an award before the expiration of one year.
The issue with respect to the one-year and thirty-day time frames, however, arises solely with regard to a notice to a claimant “of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate a claim.” 38 U.S.C. § 5103(a) (emphasis added). Stated another way, statutory provision § 5103(a), and therefore regulatory provision § 3.159, apply only when a claim cannot be granted *1346 in the absence of additional necessary information described in the notice. To the extent that some new circumstance obviates the need for the additional information requested, we presume the notice would immediately be retracted and the benefit awarded. Otherwise, § 5103(a)(1) clearly establishes one year as an outer limit for a claimant to submit the additional necessary information or evidence. Disabled Am. Veterans v. Sec’y of Veterans Affairs, 327 F.3d 1339, 1348 (Fed.Cir.2003) (“the DAV case”). Thus, the question is whether a premature denial of a claim, short of one year, with the promise to reopen reasonably satisfies the one-year requirement. We hold that it does not.
Contrary to the government, we see the § 3.159(b)(1) thirty-day notice regulation as operating exclusively to the detriment of claimants whose claims are being prematurely denied short of the statutory one-year time period for failure to submit the additional “necessary” information or evidence to substantiate their claims. We reached a similar conclusion in the DAV case, where we held that a regulation similar to § 3.59(b)(1) was contrary to § 5103(b). Id. Under the challenged regulation in the DAV case, if for some reason an appeal had reached the Board of Veterans Appeals (“BVA”) without the agency of original jurisdiction having provided the notice required by § 5103(a), the challenged regulation permitted the BVA to cure that procedural defect and to require a response period of “not less than 30 days.” Id. at 1345. We determined that the challenged regulation’s misleading characterization of the law may lead unsuspecting claimants to believe that they must provide the requested information or evidence within thirty days, even though § 5103(b)(1) unequivocally provides a claimant one year to submit evidence. Id. at 1348. The challenged regulation in this case, § 3.159(b)(1), is equally unreasonable because it too is contrary to the statutory mandate providing claimants one year to submit necessary information of evidence.
The fact that a claimant may seek to have his denied claim readjudicated hardly obviates our concerns. Indeed, it is entirely unclear from the record whether, when, or how the claimant will be advised that he or she still has some time left on the one-year statutory clock to submit the requested information, notwithstanding that the claim has been denied because of the claimant’s failure to respond within thirty days. See id. at 1349 (holding that the challenged regulation imposes a “misleading hurdle” by attempting to accelerate the closing of the claim file, but not notifying the unsuspecting claimant that he or she has a full year to submit the evidence and still be within the statutory one-year time period).
The government also has not supported its contention that this thirty-day time limit will promote efficiency and therefore ultimately benefit the claimant. Rather, as Petitioners point out, this arbitrary thirty-day regulation potentially necessitates repeat adjudication(s) of a single claim contrary to VA’s stated policy of averting multiple adjudications of claims. Thus, it not only fails to promote efficiency, but ensures confusion and inefficiency, and is potentially prejudicial to claimant’s statutory one-year period for providing information. As we found in the DAV case, we doubt that Congress authorized VA to reduce appeal resolution and claim processing time by misleading claimants. Id. This regulation is particularly prejudicial to claimants during “the non-adversarial stages of disputes over benefits, when claimants rely on the strongly and uniquely pro-claimant character of the veterans’ benefits system and pursue their statutory entitlements without the assistance of legal counsel.” Id.
*1347 In sum, we find 38 C.F.R. § 3.159(b) is inconsistent with § 5103(b)(1). To the extent it seeks to fill a gap in the statute, it does so unreasonably, in a manner that undermines the statutory requirement.
2. Absence of Exception to Time Limitation
Petitioners DAV and NOVA make a further argument with respect to the one-year statutory time frame in 38 U.S.C. § 5103(b)(1). According to DAV, the regulation is contrary to the statute, and arbitrary and capricious, because it fails to establish exceptions to the general rule that evidence must be received within one year. Petitioners principally rely on the pre-VCAA statute and other regulatory provisions, which permitted an exception to or waiver of the statutory time limitations under certain circumstances. VA has therefore erred, according to Petitioners, by promulgating a regulation where a new regulation is not required. Further, they argue that such an exception is necessary to accommodate claimants who are seriously disabled or have other significant hardships.
The government responds, and we agree, that VA’s failure to provide certain exceptions to the one-year regulation is not arbitrary, capricious, an abuse of discretion, or contrary to law. Rather, the statute clearly and unambiguously provides that failure to submit the requested information or evidence within the one-year period precludes the award of benefits payable by reason of the claimant’s application. 38 U.S.C. § 5103(b)(1). Just as the statute clearly compels our prior rejection of VA’s conditional curtailment of the one-year statutory time frame, so too does it preclude its expansion.
3. Other Notification Issues
With regard to 38 C.F.R. § 3.159(b)(1), which covers VA’s duty to notify claimants of necessary information and evidence, NOVA makes two additional arguments. NOVA first argues that the regulation fails to implement 38 U.S.C. § 5103(a) because the regulation does not require VA to identify with specificity the evidence necessary to substantiate the claim or require that the notice include a deadline for submission of evidence. NOVA next contends that the regulation, in contrast to § 5103(a), presumes a degree of knowledge and understanding that no claimant can reasonably be expected to possess. According to NOVA, § 5103(a) only imposes upon a claimant the obligation to “present and support” an application. The regulation, on the other hand, NOVA maintains, imposes an unreasonable and unnecessary expectation upon the claimant to know which materials in his or her possession constitute “evidence” that may “pertain[ ] to the claim.”
The government responds that the regulation properly reflects congressional intent with respect to the required notice to the claimant. With regard to NOVA’s second argument, the government points out that under the regulation, VA’s request that the claimant provide evidence in his or her possession is only part of a notice that has already identified the information and evidence necessary to substantiate the claim, i.e., that the claimant needs to submit. Therefore, according to the government, this additional provision merely assists the claimant by inviting any additional evidence that might help substantiate the claim.
We agree with the government. In our view, § 3.159(b)(1) sets out with reasonable clarity and specificity the notice VA is required to provide a claimant and is entirely consistent with the statutory requirement of § 5103(a). Specifically, the regulation states that VA will notify the claimant of any information and medical or lay evidence that is necessary to substanti *1348 ate the claim. 38 C.F.R. § 3.159(b)(1). It further provides that VA will inform the claimant “which information and evidence, if any, that the claimant is to provide to VA and which information and evidence, if any, that VA will attempt to obtain on behalf of the claimant.” Id. In our view, the regulation is clearly consistent with the statute, and its requirements are both reasonable and sufficient. The additional regulatory provision stating that “VA will also request that the claimant provide any evidence in the claimant’s possession that pertains to the claim,” likewise, appears immanently reasonable and effectively aimed at ensuring that the claimant makes the best showing possible to support his or her claim. Id.
C. Notification to Claimants of VA’s Inability to Obtain Records
The duty to assist a claimant under 38 U.S.C. § 5103A includes assistance in obtaining records. In this regard, § 5103A(b)(2) provides that:
[w]henever the Secretary, after making such reasonable efforts, is unable to obtain all of the relevant records sought, the Secretary shall notify the claimant that the Secretary is unable to obtain records with respect to the claim. Such a notification shall (A) identify the records the Secretary is unable to obtain; (B) briefly explain the efforts that the Secretary made to obtain those records; and (C) describe any further action to be taken by the Secretary with respect to the claim.
38 U.S.C. § 5103A(b)(2).
The regulation implementing this statutory provision, 38 C.F.R. § 3.159(e)(1), requires VA to notify a claimant, either orally or in writing, if VA makes reasonable efforts to obtain relevant non-federal records, but is unable to obtain them, or if VA concludes, after continued efforts to obtain federal records, that it is reasonably certain that the records do not exist or that further efforts to obtain them would be futile. The regulation further provides that VA will make a record of any oral notice conveyed to the claimant.
Petitioner NOVA challenges this regulation’s allowance of oral notice, contending that it places the claimant in a clearly adversarial position with VA when the claimant asserts that oral notice was not provided, and therefore that this provision is an unreasonable interpretation of the statute. According to NOVA, this regulation negates congressional intent since nothing in the VCAA implies that notice may be oral. Petitioner NABVETS additionally objects to the regulation because it authorizes VA to communicate with the claimant rather than the claimant’s designated representative and because written notice is necessary on a matter as significant as VA’s inability to obtain evidence. According to NABVETS, oral notice will only add to confusion and finger pointing in what is supposed to be a non-adversarial process. Thus, the regulation is invalid, according to Petitioners, because it undermines the purpose of the VCAA to expand the duty to assist claimants in developing their claims and is arbitrary and capricious.
VA’s rationale for permitting oral notice is set forth in the rulemaking process where VA cites survey responses by claimants as support for its decision “to increase use of the phone to expedite the claims process; not only is it practical, but claimants prefer it.” Duty to Assist, 66 Fed. Reg. at 45,625. As further explained, the decision on whether to communicate with a claimant by phone, letter, or other means such as e-mail or facsimile is ultimately based on the availability of the claimant and the resources of the VA regional office handling the claim. Id. This regulation is intended to ensure the flexibility needed *1349 for efficient, modern claims processing. Finally, the government asserts that nothing in the VCAA precludes oral notice and emphasizes that the regulatory section at issue places the burden on VA to sufficiently document that notice was properly given.
We agree with the government and reject Petitioners’ challenge. First, the statute does not require that the requisite notice be in writing, but rather is silent on whether it is necessarily oral or written. It is certainly not unreasonable, in our view, for VA to retain the flexibility to provide oral rather than written notice, as it is clear that under certain circumstances oral notice might be the preferred or more practicable option. Further, we do not find Petitioners’ well-intended concerns compelling. While a certain number of disputes are seemingly unavoidable with regard to whether proper notice is given, Petitioners face the same or similar challenges whether notice is oral or written. Indeed, 38 C.F.R. § 3.159(e)(1) places the burden on VA to sufficiently document that the notice was properly given. Moreover, government officials are presumed to act in good faith and with regularity. See Schism v. United States, 316 F.3d 1259, 1302 (Fed.Cir.2002) (en banc). We will not invalidate a regulation based on an assumption that government officials will fail to do what the regulation requires.
Moreover, whether VA has previously communicated through written notification to claimants in other contexts is not dis-positive. Both VA’s experience in handling claims and the reliability of modern communication technology compel us to grant VA this reasonable amount of deference as to how best to facilitate notice to claimants. This is so, particularly where, as here, VA is the party ultimately responsible and accountable for providing the requisite notice. Accordingly, we conclude that the challenged regulation is not contrary to 38 U.S.C. § 5103A, nor is it arbitrary, capricious, or an abuse of discretion.
D. 38 C.F.R. § 3.156(a) “New and Material Evidence”
Section 5108 of title 38 of the United States Code, not amended by the VCAA, provides that “[i]f new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim.” The statutory term “new and material evidence” is not defined. Former 38 C.F.R. § 3.156(a) defined “new and material evidence” as:
evidence not previously submitted to agency decisionmakers which bears directly and substantially upon the specific matter under consideration, which is neither cumulative or redundant, and which by itself or in connection with evidence previously assembled is so significant that it must be considered in order to fairly decide the merits of the claim.
38 C.F.R. § 3.156(a) (1999).
When Congress enacted the VCAA, it provided in 38 U.S.C. § 5103A(f) that “[n]othing in this section shall be construed to require the Secretary to reopen a claim that has been disallowed except when new and material evidence is presented or secured as described in section 5108 of this title.” 38 U.S.C. § 5103A(f). As part of its rulemaking powers, VA revised the definition of “new and material evidence” to read as follows:
New evidence means existing evidence not previously submitted to agency deci-sionmakers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the *1350 evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim.
38 C.F.R. § 3.156(a) (emphasis added).
The previous and the current definitions of “new and material evidence” provided in the regulations differ in two substantive respects. First, in contrast to the prior regulation, the new regulation defines “new” evidence as “existing” evidence. Id. Second, whereas the prior regulation required the evidence to be “so significant that it must be considered in order to fairly decide the merits of the claim,” the revised regulation requires instead that the evidence “must raise a reasonable possibility of substantiating the claim.” Id.
We interpret Petitioners’ challenges to this regulation as raising four basic arguments regarding VA’s lack of authority to modify the prior regulation, and two arguments relating to the substantive changes in the revised regulation. First, Petitioners contend that our opinion in Hodge v. West, 155 F.3d 1356 (Fed.Cir.1998), provides a judicial interpretation of “new and material evidence,” and thus, precludes VA from revising that definition. NABVETS further explains that VA is not free to re-construe a statute that has previously received a contrary judicial interpretation. Second, Petitioners submit that Congress is ordinarily presumed to be aware of existing interpretations of a statute that it amends and that it is further presumed to ratify such interpretations when it makes no relevant changes in the statutory language. Third, in NOVA’s view, the VCAA’s reference to § 5108 in new § 5103A(f) cannot be fairly construed as a gap appropriately filled by a new and revised VA definition of “new and material evidence.” Along the same line, NAB-VETS asserts that nothing in the VCAA authorizes VA to impose this new and more stringent burden on claimants and that it was Congress’s intent to maintain the existing standard. Lastly, the Petitioners assert that VA has “utterly failed to explain or support its reason for the change.” In this regard, Petitioners argue that VA’s new interpretations of the statutory terms “new” and “material” are not entitled to any deference inasmuch as “[rjeviewing courts give little or no deference where the agency’s statutory interpretation was not contemporaneous with the statute or is contrary to the agency’s prior interpretation.”
With regard to the substantive changes in the regulation, DAV first asserts that VA’s new interpretation of “new and material evidence” eviscerates its statutory duty under § 5103A to assist claimants in obtaining and developing evidence necessary to substantiate a claim for benefits. According to DAV, nothing in the VCAA limits this duty solely to initial or original claims for benefits, but the duty also applies when a claimant is attempting to obtain “new and material evidence” that can serve as a basis for reopening a claim. Specifically, DAV complains that limiting “material” evidence to “existing” evidence unlawfully excludes medical examinations or opinions from the evidence VA has a duty to assist the claimant in obtaining, and also precludes the introduction of new testimonial evidence to reopen claims. Along the same line, DAV argues that VA’s refusal to assist claimants in reopening claims contradicts VA’s statement of policy regarding its obligation to assist a claimant in developing the facts pertinent to his or her claim as set forth in 38 C.F.R. § 3.103. Additionally, several Petitioners argue that the revised definition is clearly more stringent than its predecessor because the old standard was not tied to a change in outcome, but simply whether the new evidence would be useful to the decision maker.
*1351 The government first responds that Hodge does not prevent VA from clarifying the definition of “new and material evidence” because that decision did not uphold a particular definition of the disputed language, but rather held that the CAVC must give deference to VA’s interpretation of statutory language. Second, the government submits that there is no support in the VCAA or its legislative history for the conclusion that Congress was ratifying or adopting the former regulatory definition of new and material evidence. Third, the government explains that its revised definition is consistent with the statutory scheme of the VCAA, particularly statutory provisions § 5103A(a)(2) and § 5103A(f), because the clarification in the revised regulation ties its assistance to the VCAA’s requirement that there be a reasonable possibility that the assistance will substantiate the claim before VA must provide assistance. Lastly, the government offers a detailed rationale for the regulatory change.
With regard to the substantive changes in § 3.156(a), the government maintains that the revised regulation is not inconsistent with VA’s policy on assisting claimants as set forth in § 3.103. According to the government, VA revised its definition after determining that it would assist claimants attempting to reopen claims in obtaining evidence that is potentially “new and material” in certain circumstances, despite the fact that Congress did not require VA to provide such assistance. The government also emphasizes that Petitioner DAV is incorrect in asserting that § 3.156(a) precludes claimants from reopening claims with new testimony. Such testimony, explains the government, may satisfy the revised definition of “new and material evidence” because it may be “existing.” Next, responding to Petitioners’ concerns that § 3.156(a) is more stringent that its predecessor, the government maintains that this argument is based on a misunderstanding of the revised regulation. The government explains that even if the submission of “new and material evidence” were required prior to the provision of VA assistance, any evidence that VA requested under § 3.159(b)(1) would be “new and material.” Under § 3.159(b)(1), VA must notify a claimant of the information and evidence that is necessary to substantiate his or her claim and indicate which of that information and evidence the claimant is to provide. If the claimant submits any of the requested evidence, that evidence would necessarily be “new and material.” Thus, according to the government, the fears expressed by the Petitioners are groundless.
As an initial matter, we do not construe our opinion in Hodge as a bar to changing the regulatory definition of “new and material evidence.” Although our decision in Hodge also involved a challenge to the interpretation of the “new and material evidence” language contained in § 5108, we did not adopt or advocate a single definition of “new and material evidence.” Rather, we emphasized that the CAVC cannot replace an agency’s judgment with its own. Hodge, 155 F.3d at 1362. We read Hodge as holding that the CAVC must give deference to a reasonable regulatory definition that VA promulgates. Id. at 1361-62. Thus, Hodge does not prohibit VA from reinterpreting the statutory language “new and material evidence.”
We also disagree with Petitioners that Congress somehow signaled its ratification of the prior definition of “new and material evidence” by failing to amend this language in the VCAA. Petitioners have not pointed to any aspect of the VCAA or its legislative history indicating a congressional intent to adopt the prior regulatory definition. See, e.g., Patterson v. McLean Credit Union, 491 U.S. 164, 175 n. 1, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989) (stating *1352 that where Congress has made only isolated amendments to a statutory scheme, “[i]t is impossible to assert with any degree of assurance that congressional failure to act represents affirmative congressional approval of the Court’s statutory interpretation”) (citation and internal quotation marks omitted); cf. Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 187, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994) (stating that “[a]s a general matter” arguments asserting ratification through Congress’s failure to amend statutory provisions “deserve little weight in the interpretive process”). Thus, we conclude that there is nothing in our cases or in the VCAA or its legislative history that would preclude VA from reinterpreting that statutory language. Indeed, even assuming that the VCAA did not change the law regarding the necessity for “new and material evidence” to reopen a claim, it was reasonable for VA to reinterpret that language in light of the new duties placed on VA by the VCAA.
Moreover, the revised regulation does not conflict with the applicable statutory provisions of the VCAA and its legislative history. First, the VCAA does not impose any requirement upon VA to provide assistance to a claimant after his or her claim has been finally decided. The sole reference in the VCAA to new and material evidence is contained in § 5103A(f). This section provides that nothing in § 5103A shall be construed to require VA to reopen a claim that has been disallowed, except when “new and material evidence” is presented or secured, as described in 38 U.S.C. § 5108. Moreover, § 5103A(a)(2) establishes a threshold, which requires a reasonable possibility of substantiating a claim before VA has the duty to assist the claimant. Thus, VA’s clarifications tying its assistance in reopening claims to the VCAA’s threshold requirement that there be a reasonable possibility that the assistance will substantiate the claim before VA has the duty to assist is consistent with § 5103A(f) and § 5103A(a)(2). Also, legislative history indicates that the revised definition conforms to congressional intent. As we noted earlier, referring to § 5103A(a), the House Veterans’ Affairs Committee Report states that “claims which have been previously decided on the same evidence can be decided without providing any assistance or obtaining any additional evidence, and authorizes the Secretary to decide those claims without providing any assistance under this subsection.” H.R.Rep. No. 106-781, at 10 (2000), reprinted in 2000 U.S.C.C.A.N. 2006, 2012. This statement indicates that VA does not need to assist a claimant in obtaining additional evidence for a claim that was previously denied on the same evidence. Thus, it was reasonable for VA to modify its previous definition of “new and material evidence” to conform with and correspond to VCAA’s new provisions and congressional intent.
We next disagree with Petitioners that the new regulation is an unexplained change in the VA’s prior interpretation of “new and material evidence.” It is well established that an agency may change course, even absent any statutory change, as long as it explains its reasons for doing so. See, e.g., Greater Boston Television Corp. v. FCC, 444 F.2d 841, 852 (D.C.Cir.1970) (“[A]n agency changing its course must supply a reasoned analysis indicating that prior policies and standards are being deliberately changed, not casually ignored, and if an agency glosses over or swerves from prior precedents without discussion it may cross the line from the tolerably terse to the intolerably mute.” (footnote omitted)). Here, as VA explained in the rule-making process and again in this litigation, the VCAA does not require VA to provide assistance to claimants attempting to reopen previously disallowed claims. How *1353 ever, VA intended to provide some assistance to claimants attempting to reopen their claims in an effort to equalize to some extent the treatment of such claimants with claimants presenting an original claim. Specifically, VA will perform the document gathering tasks outlined in § 3.159(e)(l)-(3). The government at oral argument explained that the requirement that evidence be “existing” does not preclude all VA assistance to claimants attempting to reopen claims. Rather, only medical examinations or opinions in § 3.159(c)(4) are not considered “existing” evidence, and thus, VA will not provide assistance in obtaining this evidence absent “new and material evidence.” Thus, according to the government, VA amended its earlier definition so that it would correspond with the kinds of assistance VA chose to give to a claimant trying to reopen a previously denied claim. This is a persuasive and clearly sufficient rationale for the changed interpretation adopted by VA.
With regard to the substantive changes in § 3.156(a), we conclude that the new language does not eviscerate VA’s duty under § 5103A and is consistent with the VA’s policy to assist claimants set forth in § 3.103. As the government explains, the VCAA does not require VA to assist claimants attempting to reopen previously disallowed claims absent the provision of “new and material evidence.” However, VA has chosen to assist claimants attempting to reopen in limited circumstances. Specifically, VA will give the assistance described in § 3.159(c)(l)-(3). Until the claim is reopened, however, VA will not give the assistance in § 3.159(c)(4) (providing a medical examination or obtaining a medical opinion).
In addition, the revised regulation does not exclude testimonial evidence as the basis for reopening a claim. As the government makes clear, “existing evidence” means evidence that is not “newly generated by or with the help of the VA.” While one can argue that such clarification would preferably have been included in the language of the regulation itself, we do not believe that its absence is sufficient ground to invalidate this regulation. Indeed, if testimony or other evidence is generated by the claimant and submitted to VA, it is reasonably considered evidence in existence. As such, the reference to “existing” evidence in the new regulation is a reasonable effort by VA to provide the assistance it chooses to provide claimants. Thus, the regulation is consistent with § 5103A(g), which provides VA the discretion to provide assistance under § 5103A(a) as it considers appropriate, and also with § 3.103.
In addition, as a practical matter, we do not agree with the government that the new definition of “new and material evidence” is not more restrictive than the previous one. It does appear to us that the new definition is more restrictive in its scope. However, as stated above, it is well settled that an agency may change its interpretation of an underlying statutory provision even absent any alteration in that provision, so long as the reason for the change is explained and the change does not conflict with the underlying statute. We conclude in this case that VA has adequately explained the rationale for this definitional change.
In sum, we conclude that nothing in the VCAA, its legislative history, or the underlying statute as amended by the VCAA precludes VA from modifying the definition of “new and material evidence.” Furthermore, we are satisfied with VA’s explanation for the change in definitions. Accordingly, we cannot say that VA’s new definition of “new and material evidence” is arbitrary, capricious, or contrary to law.
*1354 E. 38 C.F.R. § 3.159(c)(4) “Necessary” Example or Definition
Section 5103A(d)(l) of title 38 of the United States Code provides that “the assistance provided by the Secretary under subsection (a) shall include providing a medical examination or obtaining a medical opinion when such an examination or opinion is necessary to make a decision on the claim.” It further provides that an examination or opinion is necessary to make a decision on the claim if the record evidence:
(A) contains competent evidence that the claimant has a current disability, or persistent or recurrent symptoms of disability; (B) indicates that the disability or symptoms may be associated with the claimant’s active military, naval, or air service; but (C) does not contain sufficient medical evidence for the Secretary to make a decision on the claim.
38 U.S.C. § 5103A(d)(2).
The regulation implementing this statutory provision is 38 C.F.R § 3.159(c)(4)(i). It states that VA will provide a medical examination or obtain a medical opinion when such an examination or opinion is necessary to make a decision on the claim. It further provides that a medical examination or medical opinion is necessary if the information and evidence of record do not contain sufficient competent medical evidence to decide the claim, but:
(A) Contains competent lay or medical evidence of a current diagnosed disability or persistent or recurring symptoms of a disability; (B) Establishes that the veteran suffered an event, injury, or disease in service, or has a disease or symptoms ...; and (C) Indicates that the claimed disability or symptoms may be associated with the established event, injury, or disease in service or with another service connected disability.
38 C.F.R. § 3.159(c)(4)(i)(A)-(C).
Petitioners challenge this regulation in two respects. Petitioners first argue that § 3.159(c)(1) improperly limits the circumstances in which an examination or opinion is “necessary.” They also challenge the details of the circumstances listed in the regulation by comparing it to those circumstances in which § 5103A(d)(2) of the statute requires an examination or opinion.
1. Definition of “Necessary”
Petitioners first maintain that in adopting § 3.159(c)(4), VA erred by limiting the provision of medical examinations or opinions to instances where the criteria enumerated in the regulations are found to exist. While § 5103A(d)(2)(A)-(C) address when the VA must consider a medical examination or opinion to be necessary, PVA maintains that these criteria are not the only criteria for judging when an examination or opinion is necessary. PVA argues that limiting the definition of “necessary” to these criteria, as the regulations do, renders § 5103A(d)(l) superfluous and contravenes the clear language of the statute.
The government responds that § 5103A(d)(l) does not require VA to provide a medical examination or obtain an opinion in any circumstance other than those stated in § 5103A(d)(2). According to the government, § 5103A(d)(l) states the general rule that VA must provide a medical examination or obtain a medical opinion when one is necessary to decide a claim, and § 5103A(d)(2) provides conditions sufficient to make a medical examination or opinion necessary to decide a claim. Thus, argues the government, § 3.159(c)(4)(i) mirrors the statutory requirement set forth in § 5103A(d).
*1355 We agree with the government. With regard to this issue, we can see no significant distinction between the statutory and regulatory language. The plain language of the statute is clear. Congress has expressed its intent that the fist of criteria set forth in § 5103A(d)(2) be exclusive. Thus, § 5103A(d) states a general rule that a medical examination must be provided or medical opinion obtained when necessary to decide a claim, followed by a list of conditions or criteria sufficient to make an examination or opinion necessary to decide a claim. Section 3.159(c)(4)(i) does the same by mirroring the statutory criteria. Thus, we fail to see how the regulation contravenes the clear language of the statute or Congress’s intent.
2. Established Event
Petitioners next challenge the actual language of the regulatory criteria directing when a VA examination or medical opinion may be necessary. Comparing § 5103A(d)(2)(A)-(C) to § 3.159(c)(4)(i)(A)-(C), there appear to be two arguably significant differences in the language of the two provisions. The first is that the statute states that a medical examination or opinion is necessary if the evidence of record “indicates that the disability or symptoms may be associated with the claimant’s active military, naval, or air service.” 38 U.S.C. § 5103A(d)(2)(B) (emphasis added). The parallel regulatory provision provides that a medical examination or opinion is necessary if the record evidence “indicates the claimed disability or symptoms may be associated with the established event, injury, or disease in service or with another service connected disability.” 38 C.F.R. § 3.159(c)(4)(i)(C) (emphasis added). The regulatory section includes an additional provision that further requires that the evidence of record “[e]stablish[ ] that the veteran suffered an event, injury, or disease in service.” Id. § 3.159(c)(4)(i)(B). In other words, the regulation contains a requirement that the claimant establish that he or she has suffered an event, injury, or disease in service.
Petitioners challenge this requirement as violating the plain and unambiguous language of 38 U.S.C. § 5103A(d)(2)(B) by imposing a higher evidentiary burden than the one imposed by statute. Specifically, they argue that the proposed language requiring that the evidence of record establish that there was an event, injury, or disease in service is too burdensome and that this determination should be postponed until after a medical examination has been provided or a medical opinion obtained. Further, they appear to make a distinction between the statutory and regulatory provisions by concluding that the word “indicates” in 38 U.S.C. § 5103A(d)(2)(B) has been substituted with the word “establishes” in 38 C.F.R. § 3.159(c)(4)(i)(B).
In response, the government explains the need for the challenged regulation’s requirement of an established event, injury, or disease in service. In this regard, it points to VA’s lengthy statement in the rulemaking process explaining that if, after completion of the duty to obtain records as required by § 5103A(b), the evidence of record does not establish an in-service event, injury, or disease, no reasonable possibility exists that further assistance in terms of providing a medical examination or obtaining a medical opinion would aid in substantiating the claim. This is because, generally, a medical examination report or opinion could not fill the gap left by the other evidence of record. According to the government, whether there was an injury or disease in service, or an event leading to an injury or disease, is a finding of fact made by the VA decision maker. Thus, it would be unreasonable to seek an *1356 unnecessary medical examination or opinion when the evidence that would result would not be competent evidence of the incurrence or aggravation of a disease, or injury in service. The evidence of an in-service event, injury or disease, argues the government, is thus independent of a medical examination or opinion.
We reject Petitioners’ challenges. Initially, we note that Petitioners make an erroneous distinction between 38 U.S.C. § 5103A(d)(2)(B) and 38 C.F.R. § 3.159(c)(4)(i)(B). In fact, 38 U.S.C. § 5103A(d)(2)(B) corresponds to 38 C.F.R. § 3.159(c)(4)(i)(C), and both of these provisions use the term “indicates.” Thus the distinction alleged by Petitioners is in fact non-existent.
We also conclude that the challenged regulation represents a reasonable way for VA to fill in the gaps left in the statute. No one disputes that service connection is required in the ultimate grant of a claim. Certainly, the VCAA provides that VA is not required to provide assistance to a claimant, including a medical exam, if “no reasonable possibility exists” that such assistance would aid in substantiating a claim. 38 U.S.C. § 5103A(a)(2). It is not unreasonable, therefore, for VA to conclude that evidence supporting such “reasonable possibility” must be presented before it is required to provide a medical examination or opinion. As the government explains, if the record evidence does not establish an in-service event, injury, or disease, no reasonable possibility exists that further assistance, including providing a medical examination or opinion, would aid in substantiating the claim. This is so because a medical examination or opinion generally could not fill the gap left by the other evidence in establishing a service connection.
Moreover, the challenged requirements are not overly burdensome. The relevant statutory requirement is that the record evidence “indicates that the disability or symptoms may be associated with the claimant’s ... service.” 38 U.S.C. § 5103A(d)(2)(B). VA implemented this requirement by dividing it into two separate criteria. To satisfy the statutory requirement that the record evidence indicate that a disability or symptoms may be associated with service, the record evidence must establish an event, injury, or disease in service (or another service-connected disability). 38 C.F.R. § 3.159(c)(4)(i)(B). The record evidence must also indicate that the disability or symptoms may be associated with the event, injury, or disease in service (or another service-connected disability). Id. § 3.159(c)(4)(i)(C). Thus, the regulation essentially requires that the evidence indicate that the disability or symptoms may be associated with service, as does § 5103A(d)(2)(B), but acknowledges that to “indicate” a possible association with service, the record must establish some event, injury, or disease in service that resulted in the disability or symptoms. In our view, this is a reasonable implementation of the statutory requirement. In sum, we conclude the challenged regulation is not arbitrary, capricious, an abuse of discretion, or otherwise inconsistent with the law.
F. 38 C.F.R. § 3.102 Benefit of the Doubt
Section 5107(b) of title 38 provides:
The Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant.
*1357 Petitioner PVA challenges VA’s failure to adopt a regulation directing adjudicators to apply the statutory benefit-of-the-doubt directive when deciding whether a claimant has submitted new and material evidence to reopen a previously denied claim as contrary to the statute. The government responds that the VCAA does not compel it to issue such a regulation and further that Petitioners have not shown they are harmed by its failure to issue the regulation sought.
We agree with the government. The VCAA’s only mandate regarding the issuance of regulations requires only that VA “prescribe regulations to carry out this section.” 38 U.S.C. § 5103A(e). This section clearly refers to § 5103A, which governs the duty to assist. The statute is silent regarding the benefit-of-the-doubt regulation and nothing in the statute requires issuance of the benefit-of-the-doubt mandate sought by Petitioners. Further, as the government notes, no harm has been shown here by the failure to issue a regulation. Any disagreement as to the applicability of the benefit-of-the-doubt regulation to a particular claimant is subject to adjudication as applied in the context of a particular claim.
G. 38 C.F.R. § 3.159(d) “Inherently Incredible Claims”
Section 5103A(a)(2) states that VA has no duty to assist a claimant if “no reasonable possibility exists that such assistance would aid in substantiating the claim.” The regulatory implementation of this statutory provision is found in 38 C.F.R. § 3.159(d). This regulatory provision states that VA will refrain from providing assistance if the substantially complete application indicates there is no reasonable possibility that the provision of such assistance would substantiate the claim or if the evidence already obtained indicates there is no reasonable possibility that further assistance would substantiate the claim. The regulatory provision further lists three examples of circumstances in which VA would refrain from or discontinue providing assistance. They are:
(1) [t]he claimant’s ineligibility for the benefit sought because of a lack of qualifying service, lack of veteran status, or other lack of legal eligibility; (2) [cjlaims that are inherently incredible or clearly lack merit; and (3) [a]n application requesting a benefit to which the claimant is not entitled as a matter of law.
38 C.F.R. § 3.159(d)(l)-(3).
Petitioners raise four basic challenges to this regulation. First, DAV argues that VA does not have the authority to reject a claim as “inherently incredible” when the issue is one of mistaken etiological relationship between the claimed condition and military service. Their reasoning is that layperson claimants, particularly those suffering from medical disorders, are not competent or obligated to opine as to the cause of their medical condition and should not be penalized for the lack of a correct opinion. NOVA next argues that the regulation presumes that a non-medical adjudicator can render such a medical opinion without the requisite medical evidence. NOVA also complains that the regulation does not provide any objective criteria for determining whether a reasonable possibility of substantiating a claim exists. Lastly, it submits that the regulation should require VA to explain its determination in writing to the claimant.
The government responds that the statutory language supports the regulation. With regard to Petitioners’ concerns that this regulation is susceptible to both misuse and abuse, the government submits that identifying every conceivable example of an “inherently incredible” claim is impossible and that claimants retain an ave *1358 nue of appeal if they believe that VA has abused its discretion.
We agree with the government. The regulation’s reference to an “inherently incredible” claim is not arbitrary or capricious and it is not an unreasonable interpretation of statutory provision § 5103A(a)(2). As the government explains, a claimant retains his or her right to challenge a VA determination that there is no reasonable possibility that VA assistance would aid in substantiating a claim. If VA uses this regulation to deny a meritorious claim, the challenge is more suited to an “as applied challenge,” which requires knowledge of the particular facts of the claim. Further, the VCAA does not compel the additional steps advocated by Petitioners. VA was, therefore, not required to implement those steps in the regulation.
In sum, the challenged regulation is not arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.
H. 38 C.F.R. § 3.159(a)(1) and (2) “Competent Medical Evidence”
Paragraphs (1) and (2) of § 3.159(a) define the terms “competent medical evidence” and “competent lay evidence,” respectively. As explained by the VA in the rulemaking process, “in our view, defining these terms fosters a consistent application of these concepts in the adjudication process, and ensures that a claimant is likewise aware of the types and nature of evidence that will help substantiate a claim.” Duty to Assist, 66 Fed.Reg. at 45,620.
NOVA argues that VA’s imposition of a competency requirement is contrary to the plain language of 38 U.S.C. § 5107(b), which requires VA to consider all information and lay and medical evidence of record. It also argues that requiring evidence to be “competent” is contrary to congressional intent and the nonadversarial nature of the VA adjudication system because it creates a barrier to adjudication in the form of a threshold determination as to the competency of the evidence.
The government responds that these regulatory definitions neither impose any requirement that evidence be competent nor govern what evidence VA will consider in deciding the merits of a claim. Rather, according to the government, the regulations explain the evidence VA will consider competent for purposes of determining whether a medical examination or opinion is necessary to decide a claim.
We agree with the government. The undefined term “competent evidence” is found in the VCAA at 38 U.S.C. § 5103(d)(2)(A), and describes one of the three requisite conditions for deciding whether a medical examination or opinion is necessary. VA therefore, is reasonably using its rulemaking power to fill a gap in the statute. Moreover, Petitioners have not made a persuasive argument that VA’s interpretation of “competent” is inconsistent with the statute or congressional intent. In sum, we conclude that the regulation is consistent with the VCAA, and is not arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.
I. 38 C.F.R. § 3.159(c) Fees
Section 3.159(c) of title 38 of the Code of Federal Regulations applies to VA’s duty to assist claimants who have submitted substantially complete applications in obtaining evidence necessary to substantiate the claims. It specifically provides that “VA will not pay any fees charged by a custodian to provide records requested.” 38 C.F.R. § 3.159(c). NOVA challenges this regulation arguing that the refusal to pay fees undermines Congress’s intent that “the Secretary shall assist a *1359 veteran in developing the facts.” The government responds that there is no language in the VCAA expressing congressional intent that VA pay fees charged by a custodian of records.
We agree with the government. As the government points out, the only statutory reference to fees is the instruction that federal departments or agencies cannot charge VA for the costs of gathering and providing requested information to VA NOVA does not cite any language in the statute or its legislative history supporting an intent to require VA to pay fees charged by non-federal records custodians. Thus, we conclude that VA’s refusal to pay such fees is not inconsistent with the statute, arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.
J. 38 C.F.R. § 3.159(c)(1) and (c)(2) Obtaining Records
As part of VA’s duty to assist claimants in obtaining records pursuant to 38 U.S.C. § 5103A(b), regulatory provision § 3.159(c)(1) implements the assistance to be provided in obtaining records not in the custody of a federal department or agency. This provision states, in part, that “VA will make reasonable efforts to obtain relevant records not in the custody of a Federal department or agency ... and other non-Federal governmental sources.” 38 C.F.R. § 3.159(c)(1). It further provides for at least one follow-up request, but also specifies that “[a] follow-up request is not required if a response to the initial request indicates that the records sought do not exist or that a follow-up request for the records would be futile.” Id. Similarly, § 3.159(c)(2), which governs VA’s duty to obtain records in the custody of a federal department or agency, states that “VA will end its efforts to obtain records from a Federal department or agency only if VA concludes that the records sought do not exist or that further efforts to obtain those records would be futile.” Id. § 3.159(c)(2).
Petitioner NOVA challenges this regulation in a number of respects, arguing that it completely ignores the interests of the claimant. Petitioners’ appear to raise two basic arguments. First, NOVA submits that the regulation fails to address how VA proposes to deal with records no longer in existence. NOVA suggests that VA accept lay evidence as a substitute, unless it is “inherently incredible.” Further, with respect to § 3.159(c)(2), NOVA complains that the failure to define the term “futile” leaves the decision to the discretion of the individual VA employee charged with collecting the records and that such discretion is capable of abuse.
With respect to the challenge to § 3.159(c)(1), the government points out that if the records are unavailable, VA has no choice but to decide the claim without them. It also notes that § 5107(b) requires that VA consider “all information and lay and medical evidence of record,” and that VA, therefore, consider all lay evidence, whether or not medical evidence is available. However, the government also emphasizes that the unavailability of medical records does not provide a basis for giving more weight than otherwise permitted to lay evidence. With regard to the challenge to § 3.159(c)(2), the government maintains that while the term “futile” is undefined, examples are indeed provided in the regulation and that the meaning of “futile” is clear.
We agree with the government and reject Petitioners’ challenges because we conclude that Petitioners have failed to show that the regulatory provisions at issue are arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. There is no basis upon which we would or could compel VA to modify or invalidate the challenged provisions along the lines urged by Petitioner. Again, as we noted earlier, a claimant in a particular case has *1360 the opportunity to challenge VA’s interpretation of “futility” as applied to his or her claim.
K. 38 C.F.R. § 3.159(a)(3) “Substantially Complete Application”
Section 3.159(a)(3) defines “substantially complete application” as an application containing the claimant’s name, relationship to the veteran, sufficient service information to verify claimed service, the benefit claimed and any medical conditions upon which it is based, the claimant’s signature, and a statement of income for certain specified claims.
Petitioner NOVA claims that this definition is unnecessary because claimants presently rely on an application form for initial claims, and they are not provided any form for other types of claims. NOVA also maintains that the signature requirement is problematic for on-line applications.
The government responds that this definition fills a gap in the VCAA’s reference to a substantially complete application as the trigger for VA’s duty to notify a claimant of further evidence needed to substantiate a claim. Further, the government points out that VA requires the claimant’s signature even when it accepts an application via the Internet.
We conclude that the regulatory definition is valid because it reasonably fills a gap by defining an undefined statutory term. Section 3.159(a)(3) relates the information necessary to constitute a substantially complete application. The receipt of a substantially complete application triggers VA’s duty to notify a claimant of any information and medical or lay evidence not previously submitted that is necessary to substantiate the claim. 38 U.S.C. § 5103A(a). It also triggers VA’s duty to assist the claimant in obtaining the evidence necessary to substantiate the claim. Id. § 5103A(a)(3). Because the submission of a substantially complete application triggers VA’s duty to assist, it was reasonable for VA to define the term so that a claimant could determine whether the duty has been triggered.
In sum, we conclude that the challenged regulation is not arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.
L. 38 C.F.R. § 3.159(a)(4) “Event”
The regulation at § 3.159(a)(4) defines “event” as “one or more incidents associated with places, types, and circumstances of service giving rise to disability.” Petitioner NOVA challenges this definition as arbitrary, capricious, and unreasonable. A specific concern is the failure of the definition to include diseases or injuries that occur as a result of an accident or more temporal occurrence. The government responds that, if anything, this definition is expansive and liberalizing and provides an additional way of establishing entitlement to a medical examination or opinion.
We agree with the government that the challenged regulation provides an expansive method of obtaining a medical examination or opinion. This definition of “event” does not impose an additional requirement for establishing service connection or obtaining a medical examination or opinion. Rather, it specifies an additional way that entitlement to a medical examination or opinion may be established. Accordingly, we conclude that the definition of “event” is consistent with the VCAA, and is not arbitrary, capricious, or otherwise not in accordance with law.
We have considered the remaining arguments raised by all Petitioners and conclude that they lack merit.
*1361 CONCLUSION
For the reasons set forth above, we conclude that with the exception of 38 C.F.R § 3.159(b)(1), the challenged regulations are not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Because we conclude that § 3.159(b)(1) is inconsistent with the VCAA, we invalidate that regulatory provision.

GRANTED-IN-PART and DENIED-IN-PART.

. Unless otherwise noted, all regulatory references are to the 2002 version of the Code of Federal Regulations, and all statutory references are to the 2000 version of the United States Code.

. On March 1, 1999, the name of the United States Court of Veterans Appeals was changed to the United States Court of Appeals for Veterans Claims pursuant to the enactment of the Veterans Programs Enhancement Act of 1998, Pub.L. No. 105-368, § 511, 112 Stat. 3315, 3341. We refer to the court by its new name throughout this opinion.

. This is located under the effective date listed after 5 U.S.C. § 5107.