Citation Nr: 1008491 
Decision Date: 03/08/10 Archive Date: 03/17/10

DOCKET NO. 08-06 304 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, 
Missouri

THE ISSUES

1. Whether new and material evidence has been received to 
reopen a claim of service connection for hearing loss.

2. Entitlement to service connection for tinnitus.

REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of 
the United States

ATTORNEY FOR THE BOARD

A. Muhlfeld, Associate Counsel

INTRODUCTION

The Veteran had active military service from February 1958 to 
July 1958.

This matter comes before the Board of Veterans' Appeals 
(Board) on appeal of a July 2007 rating decision by the 
Department of Veterans Affairs (VA) Regional Office (RO) in 
St. Louis, Missouri.

(Consideration of the appellant's claim of entitlement to 
service connection for tinnitus is deferred pending 
completion of the development sought in the remand that 
follows the decision below.)

FINDINGS OF FACT

1. By way of a September 1959 rating decision, the RO denied 
service connection for deafness; the Veteran did not appeal.

2. Evidence received since the September 1959 rating 
decision does not raise a reasonable possibility of 
substantiating the claim.
 

CONCLUSION OF LAW

New and material evidence sufficient to reopen a claim of 
entitlement to service connection for hearing loss has not 
been received. 38 U.S.C.A. §§ 1131, 5108 (West 2002); 
38 C.F.R. §§ 3.156, 3.303 (2009).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veterans Claims Assistance Act of 2000 (VCAA) describes 
VA's duty to notify and assist claimants in substantiating a 
claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 
5103A, 5107, 5126 (West 2002 & Supp. 2009); 38 C.F.R. 
§§ 3.102, 3.156(a), 3.159 and 3.326(a) (2009). 

Upon receipt of a complete or substantially complete 
application for benefits, VA is required to notify the 
claimant and his representative of any information, and any 
medical or lay evidence, that is necessary to substantiate 
the claim. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); 
Quartuccio v. Principi, 16 Vet. App. 183 (2002). The VCAA 
notice must inform the claimant of any information and 
evidence not of record (1) that is necessary to substantiate 
the claim; (2) that VA will attempt to obtain on behalf of 
the claimant, and (3) any evidence that the claimant is 
expected to provide. 38 C.F.R. § 3.159(b)(1). VCAA notice 
should be provided to a claimant before the initial 
unfavorable agency of original jurisdiction (AOJ) decision on 
a claim. Pelegrini v. Principi, 18 Vet. App. 112 (2004).

The Board notes that effective May 30, 2008, VA amended its 
regulations governing VA's duty to provide notice to a 
claimant regarding the information necessary to substantiate 
a claim. The new version of 38 CFR 3.159(b)(1), removes the 
portion of the regulation which states that VA will request 
that the claimant provide any evidence in the claimant's 
possession that pertains to the claim. See 73 Fed. Reg., 
23353-54 (April 30, 2008).

Although the VCAA has changed the standard for processing 
Veterans' claims, the VCAA has left intact the requirement 
that new and material evidence be received in order to reopen 
a previously and finally denied claim under 38 U.S.C.A. 
§ 5108. It is specifically noted that nothing in the Act 
shall be construed to require the Secretary to reopen a claim 
that has been disallowed except when new and material 
evidence is presented or secured, as described in 38 U.S.C.A. 
§ 5108. See 38 U.S.C.A. § 5103A(f).

The Board notes that the Veteran was apprised of VA's duties 
to both notify and assist in correspondence dated in February 
2007, prior to the adjudication of the Veteran's claim to 
reopen. Specifically regarding VA's duty to notify, the 
notifications to the Veteran apprised him of what evidence 
and/or information was already in the RO's possession, what 
additional evidence and/or information was needed from the 
Veteran, what evidence VA was responsible for getting, and 
what information VA would assist in obtaining on the 
Veteran's behalf. The Veteran was also apprised of the 
criteria for assigning disability ratings and for award of an 
effective date, see Dingess/Hartman v. Nicholson, 19 Vet. 
App. 473 (2006). Furthermore, he was informed of the 
requirement that new and material evidence must be received 
in order to reopen a claim, the reasons that his previous 
claim was denied, and what was required to substantiate the 
underlying service connection claim. Kent v. Nicholson, 20 
Vet. App. 1 (2006).

Regarding VA's duty to assist, the Veteran has not identified 
any private or VA medical records that need to be obtained. 
In regards to obtaining a VA examination, the Board observes 
that VA need not schedule an examination because the duty to 
obtain an examination or medical opinion under 38 C.F.R. § 
3.159(c)(4) applies only if new and material evidence is 
presented or secured. Paralyzed Veterans of America v. 
Secretary of Veterans Affairs, 345 F.3d 1334 (Fed. Cir. 2003) 
(VA need not provide a medical examination or medical opinion 
until a claim is reopened). As discussed below, the Board 
has determined that new and material evidence to reopen the 
claim of service connection for hearing loss has not been 
received. Accordingly, VA did not have a duty to provide him 
with a medical examination.

A decision of the RO becomes final and is not subject to 
revision on the same factual basis except when a notice of 
disagreement is filed within one year of the notice of 
decision. 38 U.S.C.A. § 7105; 38 C.F.R. § 20.1103. If a 
claim of entitlement to service connection has been 
previously denied and that decision became final, the claim 
can be reopened and reconsidered only if new and material 
evidence is presented with respect to that claim. 38 
U.S.C.A. § 5108; see Manio v. Derwinski, 1 Vet. App. 140, 145 
(1991). In this case, a September 1959 rating decision 
denied service connection for deafness; the Veteran did not 
appeal. Because the Veteran did not appeal, this decision 
became final based on the evidence then of record and is not 
subject to revision upon the same factual basis. See 38 
U.S.C.A. § 7105(c); 38 C.F.R. §§ 20.302, 20.1103 (2009); see 
also 38 C.F.R. § 19.2 (1959).

The Board must consider the question of whether new and 
material evidence has been received because it goes to the 
Board's jurisdiction to reach the underlying claim and 
adjudicate the claim de novo. See Jackson v. Principi, 265 
F.3d 1366 (Fed. Cir. 2001); Barnett v. Brown, 83 F.3d 1380 
(Fed. Cir. 1996). If the Board finds that no such evidence 
has been offered, that is where the analysis must end, and 
what the RO may have determined in that regard is irrelevant. 
Barnett, supra. Further analysis, beyond consideration of 
whether the evidence received is new and material is neither 
required nor permitted. Id. at 1384; see also Butler v. 
Brown, 9 Vet. App. 167, 171 (1996).

"New" evidence is evidence not previously submitted to 
agency decision makers. "Material" evidence is evidence 
that, by itself or when considered with previous evidence of 
record, relates to an unestablished fact necessary to 
substantiate the claim. New and material evidence can be 
neither cumulative nor redundant of the evidence of record at 
the time of the last prior denial of the claim sought to be 
reopened, and must raise a reasonable possibility of 
substantiating the claim. 38 C.F.R. § 3.156(a). In 
determining whether evidence is new and material, the 
"credibility of the evidence is to be presumed." Justus v. 
Principi, 3 Vet. App. 510, 513 (1992).

Thus, the Veteran's claim may not be reopened unless VA has 
received evidence that was both not of record at the time of 
the 1959 denial, and that also raises a reasonable 
possibility of substantiating the claim that the Veteran's 
hearing loss began during or worsened during military 
service.

At the time of the September 1959 denial, the relevant 
evidence of record consisted of the service treatment records 
(STRs), which included a July 1958 clinical record cover 
sheet containing a diagnosis of deafness, bilateral, 
perceptive, etiology undetermined, noting that the Medical 
Board approved separation from service due to his hearing 
loss. The medical board concluded that deafness pre-existed 
military service. In a June 1958 consultation, the Veteran 
stated that he had hearing trouble prior to service, and it 
was becoming worse. The STRs also contained a December 1957 
entrance examination showing a whispered voice test which 
revealed normal hearing acuity of 15/15; and a June 1958 
discharge examination showing a whispered voice test which 
revealed normal hearing acuity of 15/15 in the right ear, and 
reduced acuity of 10 out of 15 in the left ear. The 
audiogram also administered at discharge in 1958, showed 
decibel levels of 40 for 500 Hertz, 45 for 1000 Hertz, 55 for 
2000 Hertz, 60 for 3000 Hertz, and 60 for 4000 Hertz.

Evidence received since the September 1959 denial consists of 
a statement from the Veteran where he described being 
assigned as a mechanic on track vehicles (tanks), and stating 
his belief that this occupational specialty resulted in noise 
exposure that in turn caused his hearing loss, see January 
2007 Application for Compensation and Pension, and August 
2007 notice of disagreement (NOD). Other evidence submitted 
since the 1959 denial includes a duplicate document-the July 
1958 clinical record cover sheet containing a diagnosis of 
bilateral deafness, etiology undetermined, which was 
previously considered by agency decision makers at the time 
of the prior denial. No other evidence has been received 
since the prior final denial in 1959.

In this case, the only new evidence received consists of the 
Veteran's Application for Compensation and Pension; and his 
August 2007 Notice of Disagreement (NOD), which contained the 
Veteran's statement regarding his belief that his hearing 
loss was the result of serving as a tank mechanic in service. 
This newly received information, when considered alone or 
with previous evidence of record, does not suggest an onset 
of hearing loss during service or a worsening during service, 
especially in light of the prior determination that hearing 
loss had pre-existed military service and was evident during 
service, but was not aggravated thereby. Reporting noise 
exposure during service does not tend to prove that the then-
demonstrated hearing loss worsened. Thus, this newly 
received information does not raise a reasonable possibility 
of substantiating the claim and is insufficient to reopen the 
previously denied claim of service connection for hearing 
loss. 

The only other evidence received since the 1959 denial is the 
July 1958 clinical record cover sheet, which is duplicative 
of the evidence previously considered by agency decision 
makers at the time of the prior final denial. Because this 
evidence is a duplicate of a document of record at the time 
of the prior denial, the evidence is not considered "new" 
and therefore can not constitute new and material evidence.

Based on the foregoing, the Board finds that new and material 
evidence to reopen the previously denied claim of service 
connection for hearing loss has not been received, and the 
application to reopen will therefore be denied.

ORDER

New and material evidence has not been received to reopen a 
claim of service connection for hearing loss; the appeal of 
this issue is denied.

REMAND

The Veteran contends that his tinnitus is the result of 
exposure to acoustic trauma while being trained as a tank 
mechanic in service, and he noted the onset of his tinnitus 
was during service in 1958. 

Here, the record shows evidence of subjective complaints of 
tinnitus. The STRs are negative for complaints or treatment 
related to tinnitus. Nevertheless, the Veteran is competent 
to describe his in-service exposure to loud noises, see 
Charles v. Principi, 16 Vet. App. 370 (2002); Layno v. Brown, 
6 Vet. App. 465, 469 (1994), and the Board has no reason to 
question the credibility of the Veteran's statement that he 
was exposed to loud noise while training as a tank mechanic.

Therefore, because the record contains current subjective 
complaints of tinnitus, and competent lay statements of in-
service noise exposure, the Board finds that a remand is 
necessary to afford the Veteran a VA audiological 
examination, which includes a nexus opinion on the question 
of whether he currently experiences tinnitus as a result of 
in-service acoustic trauma. The examiner should review the 
Veteran's statement describing his noise exposure resulting 
from training as a tank mechanic, and taking into account all 
the evidence of record, including the STRs, the examiner 
should provide an opinion as to whether it is at least as 
likely as not that the Veteran's currently diagnosed tinnitus 
is attributable to his military service.

Accordingly, the case is REMANDED for the following action:

1. The Veteran should be afforded a VA 
audiological examination, conducted by an 
audiologist with appropriate expertise to 
provide a nexus opinion regarding the 
medical probability that any current 
tinnitus is attributable to the Veteran's 
period of active military service. The 
audiologist should take a detailed 
history regarding onset and any 
continuity of tinnitus. An opinion 
should thereafter be provided as to 
whether it is at least as likely as not 
that the Veteran's current tinnitus is 
attributable to military service, taking 
into consideration the Veteran's 
statements regarding in-service noise 
exposure, and his statement that his 
tinnitus began during service. 

The Veteran's claims file, including a 
copy of this remand, must be made 
available to the examiner for review in 
connection with the examination.

The AOJ should make sure that the 
examination report complies with this 
remand and the questions presented in the 
examination request, especially with 
respect to detailing any connection 
between current disability and military 
service. If the report is insufficient, 
it should be returned to the examiner for 
necessary corrective action, as 
appropriate.

2. After undertaking any other 
development deemed appropriate, the AOJ 
should consider the issue on appeal in 
light of all information or evidence 
received. If the benefit sought is not 
granted, the Veteran and his 
representative should be furnished with a 
supplemental statement of the case and 
afforded an opportunity to respond before 
the record is returned to the Board for 
further review. 

The appellant has the right to submit additional evidence and 
argument on the matter the Board has remanded. Kutscherousky 
v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law 
requires that all claims that are remanded by the Board or by 
the United States Court of Appeals for Veterans Claims for 
additional development or other appropriate action must be 
handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 
7112 (West Supp. 2009).

________________________________
MARK F. HALSEY
Veterans Law Judge, Board of Veterans' Appeals

 Department of Veterans Affairs