[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11038
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 19, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-60666-CV-ASG

TARIKU H. KEIRA,
Including Lloyd White, (deceased),
including Former and Present United
States Postal Service Employees,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
doing business as and thru,
UNITED STATES POSTAL SERVICE,
UNITED STATES OFFICE OF PERSONNEL MANAGEMENT,
FEDERAL EMPLOYEE'S GROUP LIFE INSURANCE COMPANY,
METROPOLITAN LIFE INSURANCE COMPANY, (Met Life),

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 19, 2009)

Before TJOFLAT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Tariku Keira, pro se, appeals the district court's order dismissing his amended complaint under the Federal Employees' Group Life Insurance Act, 5 U.S.C. § 8701, et seq. Keira alleged that the United States Office of Personnel Management and Metropolitan Life Insurance Company negligently awarded the proceeds from his brother Lloyd White's death benefits to three individuals who fraudulently posed as White's children. The district court dismissed Keira's amended complaint on four independent grounds: (1) a lack of subject matter jurisdiction; (2) a failure to comply with Fed.R.Civ.P. 8(a); (3) a failure to comply with Fed.R.Civ.P. 10(b); and (4) a failure to comply with a previous contempt order that required Keira to file a copy of the order with all future complaints filed in the Southern District of Florida. Construed liberally, Keira's appeal brief argues that: (1) the district court had subject matter jurisdiction over his claim; (2) his complaint was plain in accordance with Rule 8(a); and (3) his complaint was not confusing in accordance with Rule 10(b). After thorough review, we affirm.

We review a district court's dismissal for lack of subject matter jurisdiction de novo. Ochran v. United States, 273 F.3d 1315, 1317 (11th Cir. 2001). We read briefs filed by pro se litigants liberally. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir.), cert. denied, 129 S.Ct. 74 (2008). However, even pro se petitioners can

2

abandon claims by not raising issues in their initial brief. Id. In liberally construing whether a pro se appellant has raised an issue for appeal, we will not act as de facto counsel for the appellant or otherwise rewrite a deficient pleading. GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998).

As an initial matter, we agree with Keira that the federal district court had jurisdiction over Keira's claim. The Office of Personnel Management ("OPM") is granted jurisdiction to administer the Civil Service Retirement System ("CSRS"), 5 U.S.C. § 8347(a), the Federal Employees' Retirement System ("FERS"), 5 U.S.C. § 8461(b), and the Federal Employees' Group Life Insurance ("FEGLI"), 5 U.S.C. § 8716. Administrative actions or orders arising under CSRS or FERS are appealed to the Merit Systems Protection Board ("MSPB"). See 5 U.S.C. §§ 8347(d)(1) (CSRS), 8461(e)(1) (FERS). Jurisdiction over decisions rendered by the MSPB rests exclusively with the Federal Circuit. 5 U.S.C. § 7703(b)(1); 28 U.S.C. § 1295(a)(9).

FEGLI, on the other hand, is governed by Chapter 87, which does not grant jurisdiction to the MSPB. Instead, Chapter 87 states, "[t]he district courts of the United States have original jurisdiction, concurrent with the United States Court of Federal Claims, of a civil action or claim against the United States founded on this chapter." 5 U.S.C. § 8715. Thus, "the district courts and the Court of Federal

Claims have jurisdiction of a claim against the Government ... under the life insurance act to the extent that the claim can be shown to involve some right created by that Act and a breach by the Government of some duty with respect thereto." Lewis v. Merit Systems Protection Board, 301 F.3d 1352, 1353 (Fed. Cir. 2002) (quotations and brackets omitted).

As applied here, Keira's claim for relief arises under the FEGLI. As Lewis makes clear, the district courts have subject matter jurisdiction over claims arising under the FEGLI. Id. Therefore, the district court erroneously dismissed Keira's amended complaint for lack of subject matter jurisdiction.

Nonetheless, we find no merit to Keira's claim on appeal. Keira has abandoned any challenge to the district court's order dismissing his amended complaint for failure to comply with a previous contempt order. On appeal, the only somewhat related issue Keira challenges is the district court's imposition of a $1,500 bond, which the district court never actually imposed. Thus, there is simply nothing in Keira's brief that we can construe to raise this argument, without becoming Keira's de facto counsel. Accordingly, because this was an independent ground for dismissal, we affirm the district court's order dismissing Keira's amended complaint.

**AFFIRMED.**

4