[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12000
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 14, 2010
JOHN LEY
CLERK

D.C. Docket No. 0:10-cv-60471-UU

TARIKU KEIRA,

Plaintiff-Appellant,

PERRY WHITE, et al.,

Plaintiffs,

versus

UNITED STATES OF AMERICA,
UNITED STATES POSTAL SERVICE,
UNITED STATES OFFICE OF PERSONNEL MANAGEMENT,
FEDERAL EMPLOYEES' GROUP LIFE INSURANCE COMPANY,
METROPOLITAN LIFE INSURANCE COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 14, 2010)

Before TJOFLAT, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Tariku Keira, *pro se*, appeals his *sua sponte* dismissal by the district court from the original, multi-party complaint with prejudice for failure to comply with a contempt order entered in a prior civil action. During the course of previous litigation, Keira was identified as a serial and abusive filer. As a result, a contempt order was issued requiring Keira to post a $1,500 bond in connection with all future *pro se* filings regarding his employment with the United States Postal Service filed in the Southern District of Florida as well as file a copy of the contempt order with every lawsuit he filed from the date of the order forward. On appeal, Keria argues generally that he was improperly dismissed based upon his failure to file a copy of the contempt order and the dismissal resulted in the violation for Fed. R. Civ. P. 4(m).

We generally review for abuse of discretion a district court's order dismissing a complaint for failure to comply with the rules of the court. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). The district court possesses the inherent power to police its docket. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). A district court may dismiss a case with prejudice based on either (1) Fed. R. Civ. P. 41(b); or (2) the court's

2

inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). As we have recognized, federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions, and have a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc). Additionally, a district court has the discretion to dismiss a complaint with prejudice as a sanction for a plaintiff's failure to comply with previously-ordered restrictions on filing lawsuits. *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993).

Because the district court possesses the inherent power to police its docket and may dismiss a case with prejudice based on this power, the district court did not abuse its discretion in dismissing Keira with prejudice as he failed to comply with the terms of the previous contempt order. Keira was aware of the terms of the order as he had previously been sanctioned for failing to file a copy of the order. Additionally, because Keira was properly dismissed from the complaint, there is no Fed. R. Civ. P. 4(m) violation. Accordingly, we affirm Keira's dismissal with prejudice.

**AFFIRMED.**