[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10782
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cv-60990-RNS

TARIKU KEIRA,

Plaintiff-Appellant,

REGINA TURNER,

Plaintiff,

versus

JOHN BERRY,
Director in and for United States
Office of Personnel Management,
FEDERAL EMPLOYEE'S GROUP LIFE
INSURANCE COMPANY,
All Chief Executives Officers/Chairperson/President,
METROPOLITAN LIFE INSURANCE COMPANY,
All Chief Executive Officers/Chairperson/President,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 3, 2014)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Tariku Keira appeals *pro se* the dismissal with prejudice of his third complaint against John Berry, the Director of the United States Office of Personnel Management; Federal Employee's Group Life Insurance Company; and Metropolitan Life Insurance Company.  The district court dismissed Keira's complaint against the Federal Life Insurance Company because it was a fictitious entity and dismissed with prejudice the complaint against Berry and Met Life as barred by res judicata.  We affirm.

In 2008, Keira filed a complaint against the Office of Personnel Management and Met Life challenging the distribution of the proceeds of a life insurance policy issued to his brother under the Federal Employees' Group Life Insurance Act.  *See* 5 U.S.C. § 8701 *et seq*.  The district court identified Keira as a serial litigant and dismissed Keira's complaint with prejudice for failing to comply with Federal Rules of Civil Procedure 8(a) and 10(b) and for failing to comply with an order of contempt, which the district court entered earlier when Keira was

2

involved in an employment dispute with the United States Postal Service.  The

order of contempt required Keira to post a bond of $1,500 in connection with all

*pro se* filings in the District Court for the Southern District of Florida involving his

employment dispute and to file a copy of the order with every future complaint that

he filed.  Keira appealed and challenged the imposition of the bond.  We affirmed

on the ground that the district court did not enforce the bond requirement.  *Keira v.*

*United States*, 351 Fed. App'x 343, 345 (11th Cir. 2009).

In 2010, Keira and five other persons filed a second complaint against the

Office of Personnel Management and Metropolitan Life that challenged the

distribution of the proceeds of his brother's life insurance policy.  The district court

dismissed Keira's complaint because he failed to comply with the order of

contempt, and we affirmed.  *Keira v. United States*, 400 Fed. App'x 477 (11th Cir.

2010).

The district court did not err by dismissing Keira's third complaint as barred

by res judicata.  Under the doctrine of res judicata, a claim is barred by earlier

litigation if: "(1) there is a final judgment on the merits; (2) the decision was

rendered by a court of competent jurisdiction; (3) the parties, or those in privity

with them, are identical in both suits; and (4) the same cause of action is involved

in both cases."  *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir.

1999).  Keira does not dispute that his earlier cases were resolved by a court of

3

competent jurisdiction, involved the same parties, and concerned the same subject matter. Keira argues that the dismissal of his complaint in 2010 for failure to comply with the order of contempt is not a final judgment on the merits, but the dismissal of a complaint for failure to comply with a court order "operates as an adjudication on the merits," Fed. R. Civ. P. 41(b).

We **AFFIRM** the dismissal of Keira's complaint with prejudice.

4