﻿Citation Nr: 19158976
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 18-39 932
DATE: July 30, 2019

ORDER

New and material evidence having not been received, the claim for service connection for polycythemia vera is not reopened.

REMANDED

Entitlement to service connection for a skin disorder, to include as due to herbicide exposure, is remanded.

FINDINGS OF FACT

1. In a January 2004 rating decision, the RO denied the Veteran’s claim for service connection for polycythemia vera, to include as due to herbicide exposure. The Veteran did not appeal that decision or submit new and material evidence within one year thereafter.

2. The evidence received since the January 2004 rating decision, by itself or in conjunction with previously considered evidence, is cumulative or redundant of the evidence previously of record and does not relate to an unestablished fact necessary to substantiate the claim for service connection for polycythemia vera.

CONCLUSIONS OF LAW

1. The January 2004 rating decision denying service connection for polycythemia vera is final. 38 U.S.C. § 7105; 38 C.F.R. §§ 3.104, 3.156, 20.200, 20.201, 20.302, 20.1103.

2. The evidence received since the January 2004 rating decision is not new and material as to the claim for service connection for polycythemia vera, and the claim is not reopened. 38 U.S.C. § 5108; 38 C.F.R. § 3.156(a).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from April 1968 to March 1970.

This matter is before the Board of Veterans’ Appeals (Board) on appeal from a May 2017 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio.

Law and Analysis

The Veteran has not raised any issues with the duty to notify or duty to assist with regard to the claim decided herein. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that "the Board's obligation to read filings in a liberal manner does not require the Board to search the record and address procedural arguments when the veteran fails to raise them before the Board."); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to a duty to assist argument). 

Moreover, the duty to provide a VA examination and opinion only apply once there is new and material evidence to reopen a previously denied claim. See 38 C.F.R. § 3.159(c)(4)(C)(iii); Paralyzed Veterans of America, et al. v. Secretary of Veterans Affairs, 345 F.3d 1334, 1342-43 (Fed. Cir. 2003) ("[I]n the absence of new and material evidence, VA is not required to provide assistance to a claimant attempting to reopen a previously disallowed claim, including providing a medical examination or obtaining a medical opinion.").

In order to reopen a claim that has been denied by a final decision, the claimant must present new and material evidence. 38 U.S.C. § 5108; 38 C.F.R. § 3.156(a) (2017); see also Jackson v. Principi, 265 F.3d 1366, 1369 (Fed. Cir. 2001) (regardless of action taken by RO, Board must determine whether new and material evidence has been received subsequent to an unappealed RO denial). 

New and material evidence means evidence not previously submitted to agency decision makers; which relates, either by itself or when considered with previous evidence of record, to an unestablished fact necessary to substantiate the claim; which is neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and which raises a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). To reopen a previously disallowed claim, new and material evidence must be presented or secured since the last final disallowance of the claim on any basis, including on the basis that there was no new and material evidence to reopen the claim since a prior final disallowance. See Evans v. Brown, 9 Vet. App. 273, 285 (1996). For the purposes of reopening a claim, the credibility of newly submitted evidence is generally presumed. See Justus v. Principi, 3 Vet. App. 510, 513 (1992) (in determining whether evidence is new and material, “credibility” of newly presented evidence is to be presumed unless evidence is inherently incredible or beyond competence of witness).

The United States Court of Appeals for Veterans Claims (Court) has held that the threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is “low.” See Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). Furthermore, in determining whether this low threshold is met, VA should not limit its consideration to whether the newly submitted evidence relates specifically to the reason why the claim was last denied, but instead should ask whether the evidence could reasonably substantiate the claim were the claim to be reopened, to include by triggering the Secretary’s duty to assist. Id. at 118 

The RO originally considered and denied the Veteran’s claim for service connection for polycythemia vera in a July 2003 rating decision. The RO acknowledged his contention that the disorder was due to Agent Orange exposure and that leukemia can manifest as a secondary disorder. The RO also observed that he had been diagnosed with polycythemia vera and that he had served in the Republic of Vietnam; however, it was further noted that polycythemia vera and leukemia are not among the enumerated diseases for which presumptive service connection is available. There was also no evidence of any such disorder or treatment during his military service.

The RO also denied the claim for service connection for polycythemia vera in a January 2004 rating decision. The RO again acknowledged the Veteran’s claim that his polycythemia vera is due to Agent Orange exposure in service and that the disorder can develop into leukemia. The RO noted that, although polycythemia vera can develop into leukemia in a very small portion of patients, chronic lymphocytic leukemia is the only form of leukemia for which presumptive service connection is available under the law. The RO also found that his service treatment records were negative for any diagnosis of polycythemia vera and that there was no evidence of a relationship between the disorder and his military service.

The Veteran was notified of the January 2004 rating decision and of his appellate rights; however, he did not submit a notice of disagreement. In general, rating decisions that are not timely appealed are final. See 38 U.S.C. § 7105; 38 C.F.R. § 20.1103. There was also no new and material evidence received within one year of the issuance of the decision. Therefore, the January 2004 rating decision is final. 38 U.S.C. § 7105; 38 C.F.R. §§ 3.156(b), 20.200, 20.201, 20.302, 20.1103.

The evidence of record at the time of the January 2004 rating decision included a DD Form 214, service treatment records, post-service medical records, and the Veteran’s lay statements.

The evidence received since the January 2004 rating decision includes additional treatment records and the Veteran’s own lay statements. The additional treatment records indicate that the Veteran has a diagnosis of polycythemia vera, which the RO had already acknowledged in the prior rating decisions. Notably, they do not provide any evidence regarding the etiology of the disorder or suggest that it may be related to his military service or herbicide exposure. Moreover, in his lay statements, the Veteran merely reiterated his general assertion that he has polycythemia vera due to Agent Orange, which the RO had previously addressed. Thus, the additional treatment records and lay statements are redundant and cumulative of the evidence previously considered by the RO. Significantly, the evidence missing at the time of the January 2004 rating decision continues to be absent. Specifically, there remains no evidence showing that the Veteran’s polycythemia vera manifested in service or is otherwise related thereto. Accordingly, the Board concludes that the additional evidence is not new and material within the meaning of the laws and regulations as set forth above, and as such, there is no basis to reopen the claim for service connection.

REASONS FOR REMAND

The Veteran has claimed that he has a current skin disorder that is related to herbicide exposure in service. A DD Form 214 shows that he served in the Republic of Vietnam from July 1969 to March 1970. Therefore, he is presumed to have been exposed to herbicide agents, including Agent Orange. 38 C.F.R. § 3.307(a)(6).

The Veteran was afforded a VA examination in connection with his claim in April 2017. The examiner opined that it is less likely than not that that any current skin disorder is related to treatment, symptoms, or complaints during the Veteran’s military service. He noted that the Veteran was treated for acne and a boil on the right ear in service, but he found that the conditions had resolved. The examiner also observed that the Veteran was currently being treated for basal cell carcinoma, seborrheic keratosis, and actinic keratosis, but noted that he was never treated for those disorders in service. However, he did not address whether the Veteran had any current skin disorder that may related to his herbicide exposure in service.

Although the Veteran’s skin disorders are not on the list of diseases that VA has associated with Agent Orange exposure, service connection may still be granted on a direct basis for other conditions based on herbicide exposure. 38 C.F.R. §§ 3.303(d), 3.309(e); Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994); Stefl v. Nicholson, 21 Vet. App. 120 (2007). Therefore, the Board finds that a VA medical opinion is needed to determine the nature and etiology of any skin disorder that may be present.

The matter is REMANDED for the following action:

1. The agency of original jurisdiction (AOJ) should request that the Veteran provide the names and addresses of any and all healthcare providers who have provided treatment for a skin disorder. After acquiring this information and obtaining any necessary authorization, the AOJ should obtain and associate these records with the claims file.

The AOJ should also secure any outstanding VA treatment records.

2. After completing the foregoing development, the Veteran should be afforded a VA examination to determine the nature and etiology of any skin disorder that may be present. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. 

The examiner is requested to review all pertinent records associated with the claims file. 

The examiner should note the Veteran is competent to attest to factual matters of which he has first-hand knowledge, including observable symptomatology. If there is a medical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation.

It should also be noted the Veteran is presumed to have been exposed to certain herbicide agents, including Agent Orange, during his service in the Republic of Vietnam. 

The examiner should identify any skin disorder or residuals thereof that the Veteran has had since filing his claim in March 2017 or within close proximity thereto.

For each diagnosis identified, the examiner should state whether it is at least as likely as not that the disorder is related to his military service, to include his herbicide exposure therein (regardless of the fact that such an association may not be presumed). 

(The term “at least as likely as not” does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a certain conclusion is so evenly divided that it is as medically sound to find in favor of such a conclusion as it is to find against it.)

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. Copies of all pertinent records in the Veteran’s claims file, or in the alternative, the claims file, must be made available to the examiner for review.

3. After completing the above actions, the AOJ should conduct any other development as may be indicated.

 

J.W. ZISSIMOS

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD K.M. Walker, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.